UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SCOTT EASLEY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Defendants. | No. 2:25-cv-02187-DAD-SCR<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE<br><br>(Doc. No. 5) |

On August 4, 2025, plaintiff Joshua Scott Easley filed a complaint initiating this action against defendants. (Doc. No. 1.) On August 5, 2025, the court issued summons for defendants, which have not been returned executed. (Doc. No. 2.) On November 24, 2025, multiple weeks after the date of the deadline to serve defendants, plaintiff filed a first amended complaint and a motion to extend the time to complete service. (Doc. Nos. 4, 5.)

In the pending motion, plaintiff's counsel represents that he had commenced service on multiple federal employees named as individual defendants before discovering that his claims could be brought only against the named federal agency. (Doc. No. 5 at 2.) Accordingly, plaintiff's counsel ceased efforts at service of the original complaint, planned to file a first amended complaint, and sought to complete service instead solely upon the United States Federal Bureau of Prisons (BOP). (*Id.*) Plaintiff's counsel has submitted a declaration to his motion in which counsel declares that he has conferred with Assistant United States Attorney Kelli L.

1

Taylor and confirmed with her that defendant BOP will not oppose the requested extension. (Doc. No. 5-1 at ¶ 8.)

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, based on the representations of plaintiff's counsel as summarized above, particularly the representation that counsel for the remaining defendant BOP does not oppose the motion, the court finds that plaintiff has demonstrated good cause to extend time to serve defendant. In light of plaintiff having already made contact with counsel for defendant and making defendant aware of this action, plaintiff will be granted thirty (30) days from the date of entry of this order to serve defendant.

For the reasons above,

1. Plaintiff's motion for an extension of time to serve defendant (Doc. No. 5) is GRANTED;

2. Plaintiff shall serve defendant with thirty (30) days of the date of entry of this order; and

3. The initial scheduling conference currently set for December 8, 2025 is hereby RESET to March 23, 2026.

IT IS SO ORDERED.

Dated: **December 1, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2